STATE OF MINNESOTA
IN SUPREME COURT



FILED

January 12, 2016

OFFICE OF
APPELLATE COURTS

In re Petition for Reinstatement
to the Practice of Law of
Bruce A. Kunz, a Minnesota Attorney,
Registration No. 0225289.

ORDER

The court indefinitely suspended petitioner Bruce A. Kunz from the practice of law for a minimum of 4 months, effective as of September 11, 2014, with no right to petition for reinstatement until November 12, 2014. *In re Kunz*, 852 N.W.2d 905, 905 (Minn. 2014) (order). Petitioner applied for reinstatement in January 2015, and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner proved by clear and convincing evidence that he is morally fit to resume the practice of law. *See In re Mose*, 843 N.W.2d 570, 574-75 (Minn. 2014) (providing that the burden is on the attorney to establish by clear and convincing evidence the moral fitness to resume the practice of law). The panel recommends that petitioner be reinstated to the practice of law and placed on supervised probation for a period of 2 years. The Director of the Office of Lawyers Professional Responsibility agrees with the panel's recommendation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that petitioner Bruce A. Kunz is reinstated to the practice of law and placed on probation for a period of 2 years, subject to the following terms and conditions:

(a)     Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Petitioner shall promptly respond to the Director's correspondence by the due date. Petitioner shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall authorize the release of information and documentation to verify compliance with the terms of this probation;

(b)     Petitioner shall abide by the Minnesota Rules of Professional Conduct;

(c)     Petitioner shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Within 2 weeks of the date of this order, petitioner shall provide the Director with the names of two attorneys who have agreed to be nominated as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to nominate a supervisor. Until a supervisor has signed a consent to supervise, petitioner shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request;

(d)     Petitioner shall cooperate fully with his supervisor's efforts to monitor compliance with probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall discuss with the supervisor the general subject of, and the parties to, any new business transaction into which petitioner has entered since his reinstatement or since his most recent in-person meeting with his supervisor. In addition, the supervisor will monitor and discuss with petitioner the criteria that petitioner uses to accept cases and represent clients, including the retainer or other financial arrangements for each case; the number of either pro bono or non-paying cases petitioner is handling; the travel and time requirements of individual cases; and the balance between petitioner's for-profit and pro bono cases, petitioner's other volunteer work, and petitioner's family responsibilities. Petitioner shall submit to the

2

supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, action taken to determine if any conflict of interest exists, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request;

(e)     Petitioner shall initiate and maintain office procedures that enable him to maintain a current and comprehensive list of all former, current, and prospective clients to ensure appropriate conflicts checks are performed; and

(f)     Within 30 days of the date of this order, petitioner shall provide the Director, and the probation supervisor, once one has been appointed, a written plan outlining office procedures designed to ensure that petitioner is in compliance with probation requirements. Petitioner shall provide progress reports as requested.

Dated: January 12, 2016          BY THE COURT:

David R. Stras
Associate Justice

3